416 F.2d 436
 Michael PASQUARELLA, Plaintiff, Appellee,
v.
Vincent SANTOS, Defendant, Appellant.
 No. 7326.*
 United States Court of Appeals First Circuit.
 October 6, 1969.
 
 Brian Michael Olmstead, Nahant, Mass., for appellant.
 Daniel H. Kelleher, Needham, Mass., with whom Daniel B. Bickford and Ely, Bartlett, Brown & Proctor, Boston, Mass., were on brief, for appellee.
 Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.
 ALDRICH, Chief Judge.
 
 
 1
 Appellants were sued by appellee in the state court for rent and other relief. On various asserted grounds they removed the action to the district court, and obtained leave to proceed in forma pauperis under 28 U.S.C. § 1915. They did not file the removal bond required by 28 U.S.C. § 1446(d) to secure the "costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed." Appellee moved to remand because of this failure. The court, holding that appellants were not relieved of the obligation to file the bond, ordered them to post it. This appeal followed.
 
 
 2
 At the threshold we must consider our jurisdiction. An interlocutory order is not normally appealable. We consider this order to post a bond, however, to be within the rule of Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528.[1]
 
 
 3
 The question, which appears to be a matter of first impression, is what security for costs are within the waiver[2] effected by the statute.[3] We find no merit in the suggestion that costs means only charges due to the clerk of court as distinguished from those collectible by the other party.
 
 
 4
 Secondly, whatever the word "disbursements" in section 1446(d) may mean, it is to be distinguished from ordinary costs in degree, and not in kind, and still refers only to recoverable expenses of litigation. We find it within the scope of the word "costs" in section 1915(a). We would be reluctant to extend the waiver of section 1915(a) to situations, such as the issuance of a preliminary injunction, in which security is required to protect a party against damages as well as costs. See F.R.Civ.P. 65(c). Such a waiver might even raise issues of due process. But that is not this case. There is no constitutional right to reimbursement for expenses of suit.
 
 
 5
 Nor do we feel that there is an irreconcilable conflict between the waiver provision in section 1915(a) and the unqualified language of section 1446(d). The seeming purpose of section 1915(a) is to waive in one stroke what would otherwise be obligations, rather than insert a separate exception in each provision imposing them. Compare 28 U.S. C. §§ 1917, 1921, which, like § 1446(d), do not expressly except litigants proceeding in forma pauperis. If there could be any doubt about this, it cannot withstand the weight of the principle that justice is not to be denied because of the litigant's poverty.
 
 
 6
 Finally, we disagree with appellee's contention that appellants have not established sufficient indigency to proceed in forma pauperis. The court's contrary conclusion was warranted by its factual findings.
 
 
 7
 The order of the District Court is reversed and the action remanded for further proceedings.
 
 
 
 Notes:
 
 
 *
 This opinion disposes of appeals in the following additional cases:
 No. 7328, Michael Pasquarella v. John Murry
 7339, Michael Pasquarella v. John Murry
 7329, Michael Pasquarella v. Celestino de Jesus
 7341, Michael Pasquarella v. Celestino de Jesus
 7330, Michael Pasquarella v. Edward Litchfield
 7342, Michael Pasquarella v. Edward Litchfield
 7331, Michael Pasquarella v. Jose Conti
 7338, Michael Pasquarella v. Jose Conti
 7337, Michael Pasquarella v. Vincent Santos
 7343, Michael Pasquarella v. Vincent Santos
 
 
 [1]
 Had there been a final order of remand, such orders, too, are normally unappealable. One of the grounds given for removal, however, comes within the exception provided in 28 U.S.C. § 1447(d). We agree with appellants that jurisdiction to consider the propriety of the court's ruling on the bond, even should it be construed as equivalent to a remand where, as here, appellants were without funds to comply, does not require us to examine the sufficiency of these grounds, whatever may be our doubts on that score
 
 
 [2]
 The in forma pauperis benefit is only postponement, and does not relieve the ultimate obligation. 28 U.S.C. § 1915(e)
 
 
 [3]
 "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. * * *" 28 U.S.C. § 1915(a)